UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALLEN RAINES and<br>ERLENE RAINES, | ) | Civ. 08-1016-KES |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RONALD HOLLINGSWORTH, | ) | |
| LADONNA HOLLINGSWORTH, | ) | ORDER DISMISSING CASE |
| JACK VON WALD, | ) | |
| LONALD L. GELLHAUS, | ) | |
| CARLYLE RICHARDS, | ) | |
| MARK MCNEARY, | ) | |
| LORI EHLERS, | ) | |
| KIMBERLY DORSETT, | ) | |
| TONY PORTA, | ) | |
| SCOTT MYREN, | ) | |
| BILL GERDES, and | ) | |
| DOUGLAS KENNY, all in their | ) | |
| individual | ) | |
| and official capacities | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, Allen Raines and Erlene Raines, filed a pro se civil complaint asserting various claims against defendants premised primarily on 42 U.S.C. §§ 1983 and 1985. Several pending motions were assigned to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings, including evidentiary hearings.

On September 2, 2009, Magistrate Judge Duffy submitted her report and recommendation for disposition of these pending motions. Plaintiffs were notified in the opinion that they had ten days to file objections to the report. Plaintiffs asked for an extension of time to respond to the report and

recommendation. An extension was granted to September 25, 2009, but no objections were filed by that date. The court nonetheless conducted a de novo review and adopted the report and recommendation on September 28, 2009. (Docket 92.) Plaintiffs' objections to the report and recommendation were filed later that same day. Plaintiffs subsequently moved for reconsideration of the court's dismissal of their amended complaint.

Even though the objections were not timely filed, the court has reviewed plaintiffs' objections and will review the report and recommendation under the de novo standard of review. Plaintiffs object to various facts identified in the report and recommendation.[1] The court will assume that plaintiffs' factual objections and clarifications are true for purposes of this motion.[2]

## BACKGROUND

A thorough explanation of the factual background in this case is found in Magistrate Judge Duffy's report and recommendation. (Docket 85.) To briefly summarize, plaintiffs claim that various defendants violated their rights with regard to two separate, yet factually related, proceedings. The first was Velma Hollingsworth's probate estate proceeding, where Mr. Raines was removed as the personal representative of the estate, and default judgment was subsequently entered against plaintiffs. The second was a criminal proceeding

---

[1] Plaintiffs also clarify some of the apparent inconsistencies identified in the report and recommendation.

[2] As explained below, however, the amended complaint must nonetheless be dismissed regardless of any errors identified by plaintiffs.

where plaintiffs were arrested, tried, and convicted for their actions in relation to Hollingsworth's estate.

The amended complaint appears to invoke the court's federal question jurisdiction as authorized under 28 U.S.C. § 1331. Plaintiffs' objections to the report and recommendation identifies 28 U.S.C. § 1343 as a basis for federal jurisdiction. (Docket 93, at 10.) Plaintiffs' objections to the report and recommendation also appear to assert jurisdiction on the basis of diversity. (Docket 93, at 21.)

## DISCUSSION

Because defendants move to dismiss under Rule 12(b)(6), the facts alleged in the amended complaint must be considered true and all inferences must be viewed in plaintiffs' favor. Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citing Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 465 (8th Cir. 2002)).

Recently, the United States Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The Supreme Court further stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. "The plausibility standard . . . asks for more than a sheer possibility that defendant has acted unlawfully." Id. at 1949.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Id.; see also Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (citing Iqbal, 129 S. Ct. at 1949)).  The "fundamental tenet of Rule 12(b)(6) practice" that "inferences are to be drawn in favor of the non-moving party" has not been changed.  Braden, 588 F.3d at 595 (citations omitted).[3]

## I.  Analysis Based on Defendants' Status and Certain Claims Arising Under Federal Statutes

### A.  Judicial Immunity

Jack Von Wald, Tony Portra, and Scott Myren were the judges in the probate and the criminal proceedings.  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability."  Robinson v. Freeze, 15 F.3d

---

[3] Plaintiffs argue that a complaint filed by pro se plaintiffs who lack legal expertise "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (citations omitted); see also Dixon v. Fox, 893 F.2d 1556, 1558 (8th Cir. 1990) ("A court should not dismiss a pro se complaint 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citation omitted)).  The recent Supreme Court decisions of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), seemingly rejected the application of the "no set of facts" standard in all civil cases.  Iqbal, 129 S. Ct. at 1953 (holding that the "decision in Twombly expounded the pleading standard for 'all civil actions'" (emphasis added)).  Nonetheless, the court is mindful of the plaintiffs' pro se status and lack of legal expertise.  See Morris v. Fresno Police Dept., 2010 WL 289293, at *4 (E.D. Cal. Jan. 15, 2010) ("Nevertheless, when reviewing the sufficiency of a complaint filed by a pro se litigant, the pleading is to be 'liberally construed' and viewed less stringent[ly]' than formal pleadings prepared by attorneys." (alteration in original) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

107, 108 (8th Cir. 1994).  Money damages are only allowed against a judge when the acts are "non-judicial" or where the acts are "taken in the complete absence of all jurisdiction."  Duty v. City of Springdale, Ark., 42 F.3d 460, 462 (8th Cir. 1994).  With regard to the complete absence of all jurisdiction exception, the United States Supreme Court explained:

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump v. Sparkman, 435 U.S. 349, 357 n.7 (1978) (citing Bradley v. Fisher, 80 U.S. 335, 352 (1871)).

The original and amended complaint and plaintiffs' supporting briefs fail to identify any actions by these judges that could be properly characterized as "non-judicial" because all of their actions were undertaken in relation to the probate or the criminal proceedings.  Similarly, nothing in any of plaintiffs' filings allow for the reasonable inference that they acted in the complete absence of all jurisdiction because their actions during the criminal proceedings related to criminal matters, and Judge Von Wald's actions during the probate proceedings related to probate matters.  See id. at 357 n.7. Thus, the claims against Judge Von Wald, Judge Portra, and Judge Myren are dismissed for failing to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).

**B.     Prosecutorial Immunity**

The amended complaint identifies Mark McNeary, Kimberly Dorsett, and Lori Ehlers as South Dakota state's attorneys. The allegations against these individuals reveal that they were engaged in performing their duties as county prosecutors. (Docket 50, at 4.) Thus, where these individuals were acting within the scope of their prosecutorial duties, they are entitled to absolute immunity from claims arising under § 1983.[4] Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Schenk v. Chavis, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are intimately associated with the judicial process." (internal quotations and citations omitted)).

**C.     Claims Arising Under 42 U.S.C. § 1983 (Counts 1, 4, 6, and 13)**

Section 1983 of Title 42 creates a private cause of action for money damages against "a person acting 'under color of any statute . . . of any State' who deprives another of a federally protected right." Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008). "By the plain terms of § 1983, two–and only two–allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who

---

[4] This section is directed toward those claims asserted against Dorsett, Ehlers, and McNeary as they relate to the criminal proceedings only. With regard to the any other claims against these individuals, they fail for the reasons stated below under section II.

has deprived him of that right acted under color of state or territorial law."
Gomez v. Toledo, 446 U.S. 635, 640 (1980) (citations omitted).  Plaintiffs have
identified § 1983 in counts 1, 4, 6, and 13 of their amended complaint.[5]  As
explained below, these claims fail as a matter of law.

### 1. Section 1983 Claim as to the Criminal Proceedings (Counts 6 and 13)

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme
Court held that

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus[.]

Id. at 486-87.  The Court went on to explain that "the district court must
consider whether a judgment in favor of the plaintiff would necessarily imply
the invalidity of his conviction or sentence; if it would, the complaint must be
dismissed unless the plaintiff can demonstrate that the conviction or sentence
has already been invalidated."  Id. at 487.

Here, plaintiffs have not alleged that the conviction has already been
invalidated.  Furthermore, a judgment in favor of plaintiffs with regard to their
§ 1983 claims in the context of the criminal proceeding would necessarily

---

[5]  These counts are set out and analyzed in further detail below under
section II.

imply that plaintiffs' convictions could not stand because they were obtained as the result of a massive conspiracy to deprive plaintiffs of their due process rights.[6] Thus, those counts in the amended complaint that pertain to the criminal proceedings that expressly or impliedly rely on § 1983 are dismissed. See id. at 486-87.

### 2. Section 1983 Claim as to the Probate Proceedings (Counts 1 and 4)

In order for an individual to be held liable under § 1983, that person must have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983. Ronald and LaDonna Hollingsworth, heirs to Velma Hollingsworth's estate, were private individuals that could not act with the requisite state authority on their own. Thus, § 1983 cannot be invoked against them on the basis of their individual actions. See id.

Private attorneys, including public defenders, are generally not considered to have acted under color of state law as required under § 1983 when representing their clients. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that with respect to a § 1983 claim, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Individuals who would otherwise not be considered state actors, however, are properly considered to have acted under color of state law when they conspire with state

---

[6] Indeed, the filings and arguments clearly reveal that plaintiffs are attempting to invalidate their convictions.

actors to deprive an individual of their federal rights in violation of § 1983.  See
Tower v. Glover, 467 U.S. 914, 920 (1984); Carlson, 552 F.3d  at 651.

In order for private actors to be considered to have acted under color of
state law by conspiring with state actors, the complaint must "adequately
allege[] that Private Defendants were 'willful participant[s] in joint activity with
the State or its agents' in denying the [plaintiffs'] constitutional rights[.]"
McCoy v. Carter-Jones Timber Co., 2009 WL 3713697, at *1 (8th Cir. Nov. 9,
2009) (unpublished opinion) (alteration in original) (citing Dossett v. First State
Bank, 399 F.3d 940, 947 (8th Cir. 2005)).  Here, there are no factual
allegations in any of plaintiffs' filings that indicate that any defendants were
"willful participants" in denying plaintiffs' rights.  See id. at *1; see also Manis
v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations of conspiracy,
however, must be pled with sufficient specificity and factual support to suggest
a 'meeting of the minds.' " (citations omitted)).  As the Supreme Court noted in
Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007), "an allegation of parallel
conduct and a bare assertion of conspiracy will not suffice" to save a claim
from a motion to dismiss.  Id. at 556.  And "[w]ithout more, parallel conduct
does not suggest conspiracy[.]"  Id. at 556-57.  Thus, those counts in the
amended complaint that expressly or impliedly rely on § 1983 for stating a
claim against the non-state actors in the context of the probate proceedings are
properly dismissed.  See McCoy, 2009 WL 3713697, at *1 (citing Twombly, 550
U.S. at 556; Iqbal, 129 S. Ct. at 1949-50).

**D.    Claims Arising Under 42 U.S.C. § 1985 (Counts 2, 3, 5, 7, 11, 12, and 14)**

There are multiple "provisions" in 42 U.S.C. § 1985, and the "meaning of any part of § 1985 is informed by its entire text." Kush v. Rutledge, 460 U.S. 719, 726 n.9 (1983). The second part of § 1985(2) and the first part of § 1985(3) both deal with conspiracies to deprive persons of equal protection of the laws.[7] Although it is unclear, the court assumes that the amended complaint asserts both of these clauses as a basis for relief.

"All of the circuits that have addressed the issue have uniformly held that the 'equal protection' language of the second clause of section 1985(2) requires an allegation . . . of class-based animus." See Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1429 (8th Cir. 1986). And the first part of § 1985(3) requires that there be " 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.' " Id. at 1429 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Here, there are no facts alleging any class-based animus. Thus, the claims under either of these provisions of § 1985 must be dismissed accordingly. See id. at 1430 ("The [Supreme] Court's reasoning in Griffin under the first clause

---

[7] The second part of § 1985(2) deals with two or more persons conspiring "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws[.]" See 42 U.S.C. § 1985(2). The first part of § 1985(3) deals with two or more persons conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). The other parts of § 1985 are not relevant to any of the claims in the amended complaint.

of section 1985(3) applies equally as well to the second clause of section 1985(2).").  Thus, those claims that seek relief under § 1985 are dismissed for failing to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

## II.    Analysis of Individual Counts

### A.    Count 1

Count 1 of the amended complaint alleges that "Carlyle Richards, Lonald Gellhaus, Jack Von Wald, Ronald Hollingsworth, and LaDonna Hollingsworth deprived the plaintiff, Allen Raines of his right to discharge claims in his absolute discretion by terms of will.  The plaintiff was denied opportunity to present his case in court of law which denied him due process.  SDCL § 29A-3-706; U.S.C.A. Title § 242; U.S.C.A. Title 42 § 1983."  (Docket 50, at 5.)  The claim does not survive under § 1983 for the reasons set out above under section (I)(C)(2).  With regard to plaintiffs' additional basis for relief under 18 U.S.C. § 242, that statute is a "criminal statute[] that do[es] not provide private causes of action."[8]  Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (citations omitted).  See also Wagner v. United States, 377 F. Supp. 2d 505, 510-11 (D.S.C. 2005)  ("18 U.S.C. § 242 is a criminal statute providing no privately enforceable right that would entitle [the plaintiff] to habeas or other relief." (citations omitted)).

---

[8] 18 U.S.C. § 242 makes it a crime to deprive someone "of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens[.]"

Count 1 also identifies as a basis for relief SDCL 29A-3-706, which states that "[w]ithin six months after appointment, or nine months after the decedent's death, whichever is later, a personal representative . . . shall prepare an inventory of property owned by the decedent at the time of death[.]" Plaintiffs argue that Judge Von Wald did not properly apply this statute in the probate proceedings. To the extent that plaintiffs are attempting to attack the outcome of the probate proceedings collaterally, "there is . . . no right to litigate the same question twice." See Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 524 (1931) (citations omitted). Plaintiffs do not allege that they were not made aware of the probate proceedings. And if plaintiffs were unhappy with the outcome of the probate proceedings, or thought that the proceedings were somehow defective, it was within their right to appeal the decision to the South Dakota Supreme Court, which they apparently did not do.[9] "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties." Id. at 525. For these reasons, count 1 is dismissed for failing to state a claim upon which relief may be granted.[10] Fed. R. Civ. P. 12(b)(6).

_____

[9] Section III below explains why count 1 must also be dismissed for lack of jurisdiction to the extent that plaintiffs ask this court to review the probate proceeding's application of SDCL 29A-3-706.

[10] Additionally, there are no facts alleged in plaintiffs' briefs or the amended complaint that infer any liability upon the private attorneys and heirs based on the alleged misapplication of SDCL 29A-3-706. There is nothing "to support an inference that [defendants] had reached any agreement" or a

## B. Count 2

Count 2 of the amended complaint alleges that "Carlyle Richards, Lonald Gellhaus, Jack Von Wald, Ronald and LaDonna Hollingsworth, conspired to deprive the plaintiffs of their rights by agreeing on [sic] the color of statute for removal as personal representative under South Dakota. SDCL § 22-3-8 and U.S.C.A. Title 42 § 1985." (Docket 50, at 5.) This claim cannot survive on the basis of § 1985 for the reasons stated above in section (I)(D). Furthermore, there is no authority indicating that a private cause of action exists under SDCL 22-3-8, which is a South Dakota criminal statute.[11] Assuming that SDCL 22-3-8 did allow for a private cause of action, there are no facts alleged in any of plaintiffs' filings that indicate that the removal of Mr. Raines as personal representative of the estate was criminal. Thus, count 2 is dismissed for failing to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

---

"meeting of the minds" to deprive plaintiffs of their rights in the probate proceedings. Manis, 862 F.2d at 681. As the Supreme Court noted in Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007), "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice" to save a claim from a motion to dismiss. Id. at 556. "Without more, parallel conduct does not suggest conspiracy[.]" Id. at 556-57.

[11] SDCL 22-3-8 makes it a crime for "two or more persons [to] conspire, either to commit any offenses against the State of South Dakota, or to defraud the State of South Dakota, or any county, township, school district or municipal corporation in any manner or for any purpose[.]"

**C.    Count 3**

Count 3 of the amended complaint alleges that "Carlyle Richards, Lonald Gellhaus, Jack Von Wald, Ronald and LaDonna Hollingsworth conspired to fabricate false evidence for criminal charges at the grand jury hearing against the plaintiffs under South Dakota SDCL § 22-3-8 and U.S.C.A. Title 42 § 1985." (Docket 50, at 5-6.)  This claim cannot survive on the basis of § 1985 for the reasons stated above in section (I)(D).  Furthermore, SDCL 22-3-8 does not authorize a private cause of action as it is a state criminal statute.  Thus, count 3 is dismissed for failing to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

**D.    Count 4**

Count 4 of the amended complaint alleges that "Lonald Gellhaus, Jack Von Wald, Ronald and LaDonna Hollingsworth, failed to accord a right of trial by jury during the default judgment hearing under SDCL § 15-6-55(b)(1), South Dakota Constitution Art 6 § 6, U.S. Constitution Amendment 7, U.S.C.A. Title 18 § 242 and U.S.C.A. Title 42 § 1983." (Docket 50, at 6.)  Gellhaus is identified in the amended complaint as the "attorney for the heirs." (Docket 50, at 2.)  The Hollingsworths are identified as "heir[s] to Velma Hollingsworth estate." (Docket 50, at 2.)  Thus, with the exception of Judge Jack Von Wald, these individuals could not have "failed to accord a right of trial by jury" because they had no authority to order one in the first place.  Additionally, there is no allegation in count 4 that these individuals conspired with Judge Von Wald to deprive plaintiffs of their right to a trial by jury.

The claim does not survive under § 1983 for the reasons set out above under section (I)(C)(2). Additionally, a private cause of action does not exist under 18 U.S.C. § 242. See Robinson, 21 F.3d at 511; Wagner, 377 F. Supp. 2d at 510-11. And as set out above, Judge Von Wald is entitled to judicial immunity as to the civil claims. Thus, count 4 is dismissed for failing to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).

### E.    Count 5

Count 5 of the amended complaint alleges that "Lonald Gellhaus, Jack Von Wald, Ronald and LaDonna Hollingsworth knowingly and willfully covered up their conspiracy plans to defraud the plaintiffs of their proper earnings under SDCL § 22-12A-16, U.S.C.A. Title 18 § 1001, SDCL § 22-3-8 and U.S.C.A. Title 42 § 1985." (Docket 50, at 6.) 18 U.S.C. § 1001 does not support the claim in count 5 because no private cause of action exists under it.[12] See Abou-Hussein v. Gates, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) ("[P]laintiff's claims of fraud or false statements under 18 U.S.C. § 1001 . . . are also barred because the[] criminal statute[] do[es] not expressly create a private right of action upon which plaintiff may sue defendants." (citation omitted)). Moreover, § 1001 does not apply in this case because there was no federal jurisdiction over the probate proceedings or the criminal proceedings as both were matters only within South Dakota's jurisdiction. See McAninch v.

---

[12] Section 1001 states in relevant part that "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, . . . falsifies, conceals, or covers up by any trick, scheme, or device a material fact . . . shall be . . . imprisoned not more than 5 years[.]" 18 U.S.C. § 1001.

[Wintermute, 491 F.3d 759, 766 (8th Cir. 2007)](#) (recognizing that probate matters are reserved to state probate courts). And the claim also cannot proceed under [42 U.S.C. § 1985](#) for the reasons set forth above in section (I)(D). With regard to the South Dakota criminal statutes identified by plaintiffs, there is no authority recognizing that a private cause of action exists under them.[13] Thus, count 5 is dismissed because it fails to state a claim upon which relief may be granted. [Fed. R. Civ. P. 12(b)(6)](#).[14]

### F. Count 6

Count 6 of the amended complaint alleges that "Lonald Gellhaus, Jack Von Wald, Douglas Kenny, Mark McNeary, Ronald and LaDonna Hollingsworth created a false impression to deceive the plaintiffs in the grand jury hearing showing false intent and committed perjury under [SDCL § 22-12A-16](#), [SDCL § 22-30A-3](#), [U.S.C.A. Title 42 § 1983](#) and [U.S.C.A. Title 18 § 1001](#)." (Docket 50, at 6.) As stated above, no private cause of action exists under [§ 1001](#). See [Abou-Hussein, 657 F. Supp. 2d at 81](#). Additionally, the matter was not within

---

[13] [SDCL 22-12A-16](#) makes it a crime for a person to "prepare[] any false book, paper, record, instrument in writing, or other matter or thing with intent to produce it or allow it to be produced as genuine in any trial, proceeding, inquiry, or investigation authorized by law[.]" [SDCL 22-3-8](#) makes it a crime for "two or more persons [to] conspire, either to commit any offenses against the State of South Dakota, or to defraud the State of South Dakota, or any county, township, school district or municipal corporation in any manner or for any purpose[.]"

[14] To the extent that plaintiffs allege fraud, [Federal Rule of Civil Procedure 9](#) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." See [Fed. R. Civ. P. 9(b)](#). Here, the facts alleged in the amended complaint and set out in plaintiffs' filings are insufficient to meet this standard.

the jurisdiction of the government of the United States because the grand jury was a state grand jury. See 18 U.S.C. § 1001 (requiring the matter to be "within the jurisdiction of the . . . Government of the United States"). The claim does not survive under § 1983 for the reasons set out above under section (I)(C)(1). And with regard to the South Dakota criminal statutes identified in count 6, there is no authority tending to show that a private cause of action exists under them.[15] Thus, count 6 is dismissed because it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## G. Count 7

Count 7 of the amended complaint alleges that "Lonald Gellhaus, Jack Von Wald, Douglas Kenny, Mark McNeary, Ronald and LaDonna Hollingsworth conspired to deceived [sic] the plaintiffs in the grand jury hearing with false and misleading statements under SDCL § 22-3-8, and U.S.C.A. Title 42 § 1985." (Docket 50, at 6.) This claim does not survive on the basis of § 1985 for the reasons stated above in section (I)(D). And a private cause of action is not authorized under SDCL 22-3-8, which is a criminal statute. Thus, count 7 is dismissed for failing to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

---

[15] SDCL 22-12A-16 is set out in footnote 13. And SDCL 22-30A-3 states in relevant part that "[a]ny person who obtains property of another by deception is guilty of theft."

17

### H.    Count 8

Count 8 of the amended complaint alleges that "Douglas Kenny, under oath, deceived the grand jury with his testimony of perjury.  U.S.C.A. Title 18 § 1621."  (Docket 50, at 7.)  A private cause of action does not exist under § 1621 because there is no indication that Congress intended for one to exist when it enacted the criminal statute.  Roemer v. Crow, 993 F. Supp. 834, 837 (D. Kan. 1998) ("[Section] 1621 is a criminal statute which does not provide a civil right of action for damages." (citations omitted)).

In the alternative, if a private cause of action is allowed,"[t]he essential elements [under] 18 U.S.C. § 1621 . . . are (1) an oath authorized by a law of the United States, (2) taken before a competent tribunal, officer or person, and (3) a false statement willfully made as to facts material to the hearing."  United States v. Hvass, 355 U.S. 570, 574 (1958) (internal quotations and citation omitted).  The only statement in the amended complaint relating to Kenny's alleged perjury is that "Douglas Kenny gave false and misleading testimony at the grand jury hearing."  (Docket 50, at 4.)  There is nothing in the amended complaint, or in any of plaintiffs' other filings, indicating that the oath was "authorized by a law of the United States."  Indeed, the oath was authorized under South Dakota law because the testimony was in relation to a state criminal matter.  Thus, count 8 is dismissed because it fails to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6).[16]

---

[16] Moreover, there are no allegations, and no facts supporting such an allegation, that Kenny knew that his statements were false at the time he made them.  Cf. LaRocca v. United States, 337 F.2d 39, 43 (8th Cir. 1964) ("In a

## I. Count 9

Count 9 of the amended complaint alleges that "Lonald Gellhaus and Mark McNeary solicit [sic] Douglas Kenny, under oath, to commit perjury. U.S.C.A. § 1622." (Docket 50, at 7.)  18 U.S.C. § 1622 makes it a crime to "procure[] another to commit any perjury[.]"  Plaintiffs state in their objections to the report and recommendation that the alleged fact in the amended complaint that "[u]pon information and belief Carlyle Richards gave the Penn Treaty Insurance information to Lonald Gellhaus and along with Jack Von Wald fabricated the false evidence against the plaintiffs" applies to the grand jury proceedings.  (Docket 50, at 4; Docket 93, at 4.)  Plaintiffs, however, "cannot recover damages against [defendant] under 18 U.S.C. § . . . 1622, because th[is] criminal statute[], standing alone, do[es] not provide for civil remedies."  D'Amato v. Rattoballi, 83 Fed. Appx. 359, 360 (2d Cir. 2003) (unpublished opinion).  See also Traveler v. CSX Transp., Inc., 2007 WL 1830807, at *2 (N.D. Ind. June 22, 2007) ("[I]f [the plaintiff] is seeking to launch some sort of civil action for perjury, that avenue is precluded to him because both 12 U.S.C. § 1621 and 18 U.S.C. § 1623 are criminal statutes and do not provide a civil right of action for damages." (citations omitted)).  Thus, count 9 is dismissed for failing to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

---

prosecution for perjury the government must prove the defendant knowingly and willfully made a false statement upon a material matter in a case in which the law of the United States authorizes an oath to be administered before a competent tribunal." (citation omitted)).

**J. Count 10**

Count 10 of the amended complaint alleges that "Jack Von Wald, Lonald Gellhaus, Mark McNeary, Ronald and LaDonna Hollingsworth secretly kept the plaintiffs from the grand jury selection process. This violates U.S.C.A. Title 18 § 6(b)(1)."[17] (Docket 50, at 7.) While 18 U.S.C. § 6(b)(1) does not exist, the court assumes that plaintiffs are relying on Federal Rule of Criminal Procedure 6, which pertains to grand juries. Rule 6(b)(1) deals specifically with challenges to grand juries or a grand juror and states that "[e]ither the government or a defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified." Fed. R. Crim. P. 6(b)(1).

First, plaintiffs' reliance on a federal rule of criminal procedure is misplaced because he was tried in state court. Second, nothing in Rule 6(b)(1) bestows any right to notice of a grand jury proceeding. Indeed, the comments to Rule 6(b)(1) state that "[i]t is not contemplated, however, that defendants held for action of the grand jury shall receive notice of the time and place of the impaneling of a grand jury[.]" Fed. R. Crim. P. 6(b)(1) (advisory committee notes, note to subdivision (b)(1)). Thus, Rule 6(b)(1) does not create any right to notice of a grand jury proceeding. See id. See also United States v. Tepoel, 2008 WL 2828829, at *1 (W.D. Wis. Apr. 10, 2008) (rejecting the argument that

---

[17] 18 U.S.C. § 6 does not contain any subdivisions and defines the words "department" and "agency" as they are used in Title 18.

a defendant has "a right to be present in open court to challenge the grand jury before it is sworn"); see also Lien v. Class, 574 N.W.2d 601, 613 (S.D. 1998) ("A defendant has no right to have evidence favorable to him or her presented to a grand jury, just as he has no right to testify himself before such a body." (citations omitted)).  Therefore, count 10 does not state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

### K.    Count 11

Count 11 of the amended complaint alleges that "Tony Portra, Jack Von Wald, Lori Ehlers, Kimberly Dorsett, Ronald and LaDonna Hollingsworth conspired to deny the plaintiffs [sic] equal privileges and immunities under the laws when assigning Mark McNeary as the special prosecutor under SDCL 22-3-8 and U.S.C.A. Title 18 § 1985."  (Docket 50, at 7.)  Count 11 does not state a claim under § 1985 for the reasons stated above under section (I)(D).  And there is no authority indicating that a private cause of action exists under SDCL 22-3-8, which is a South Dakota criminal statute.[18]  Thus, count 11 fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

Assuming SDCL 22-3-8 authorizes a private cause of action, the following facts are identified by plaintiffs with regard to McNeary being the special prosecutor:  (1) "Kimberly Dorsett, the new state attorney, worked in the office with Carlyle Richards, and as a deputy state attorney with Mark McNeary, creating a conflict of interest," (Docket 50, at 4); (2) "Lori Ehlers stated she could not find a special prosecutor so she requested Mark McNeary

---

[18]   SDCL 22-3-8 was set out under footnote 11.

to become special prosecutor who was no longer in the state attorney's office," (Docket 50, at 4); and (3) "Tony Portra stated Mark McNeary was not a conflict of interest as protested by the plaintiffs," (Docket 50, at 4-5). For purposes of addressing plaintiffs' argument, the court accepts these facts as true.

Plaintiffs argue that the appointment of McNeary violated their rights because Dorsett's conflict of interest based on her having worked with Richards extended to McNeary because Dorsett and McNeary had worked together as deputy state's attorneys. Plaintiffs do not, however, identify any authority criminalizing the appointment of a special prosecutor in a situation like this. The court is also unable to identify any authority indicating that McNeary's appointment was improper, let alone criminal.[19] Thus, count 11 is dismissed.

### L.    Count 12

Count 12 of the amended complaint alleges that "Jack Von Wald, Scott Myren, and Mark McNeary conspired to deny the plaintiffs [sic] equal privileges and immunities under the laws when denying dismissal of [sic] 180 day rule under SDCL § 22-3-8 and U.S.C.A. Title 18 § 1985."[20] (Docket 50, at 7.) This

---

[19] Rule 1.11(d) of the South Dakota Rules of Professional Conduct states in relevant part that a "lawyer currently serving as a public officer or employee . . . shall not participate in a matter in which the lawyer participated personally and substantially while in private practice[.]" Here, there are no facts alleged in the amended complaint, or otherwise, that McNeary had anything to do with plaintiffs prior to becoming the special prosecutor.

[20] SDCL 23A-44-5.1(1) states in relevant part that "[e]very person indicted, informed, or complained against for any offense shall be brought to trial within one hundred eighty days, and such time shall be computed as

claim does not survive under 18 U.S.C. § 1985 for the reasons stated above under section (I)(D). And there is no authority indicating the SDCL 22-3-8 allows for a private cause of action.[21]

Count 12 is also dismissed because Judges Myren and Von Wald are entitled to judicial immunity as set out under section (I)(A). McNeary is entitled to prosecutorial immunity inasmuch as plaintiffs seek to obtain relief under § 1983 as set out under section (I)(B). Therefore, count 12 fails to state a claim upon which relief may be granted.[22] Fed. R. Civ. P. 12(b)(6).

### M. Count 13

Count 13 of the amended complaint alleges that "Jack Von Wald, Scott Myron, Mark McNeary, and Bill Gerdes denied the plaintiffs their due process of law by not allowing them to examine or cross-examine witness. U.S.C.A. Title 18 § 1983." (Docket 50, at 7-8.) This claim does not state a claim for relief under § 1983 for the reasons stated above under section (I)(C)(1). Thus, count 13 is dismissed for the failing to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

---

provided in this section."

[21] SDCL 22-3-8 is set out in footnote 11.

[22] Moreover, there are no facts alleged relating to any "conspiracy." The only fact identified in the amended complaint in relation to Count 12 is that "Scott Myren rejected the plaintiffs [sic] request for dismissal under speedy trial rules and added a third rule which required plaintiffs be [sic] in state before tolling of time." (Docket 50, at 4.)

**N.     Count 14**

Count 14 of the amended complaint puts forth the same allegations as count 13 but cites 18 U.S.C. § 1985.  Section 1985 does not support count 14 for the reasons stated above under section (I)(D).  Thus, count 14 is dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

**O.     Count 15**

Count 15 alleges that "Ronald and LaDonna Hollingsworth, Jack Von Wald, Lonald Gellhaus, Carlyle Richards, Mark McNeary, Lori Ehlers, Kimberly Dorsett, Tony Portra, Scott Myren, Bill Gerdes, Douglas Kenny, in their individual and official capacities conspired to kidnap the plaintiffs with perjury, false and misleading testimony and by color of law to hold for payment. U.S.C.A. Title 18 § 1203 and U.S.C.A. Title 242."  (Docket 50, at 8.) Section 242 is a "criminal statute[] that do[es] not provide private causes of action." Robinson, 21 F.3d at 511 (citations omitted).  See also, Wagner, 377 F. Supp. 2d at 510-11 ("18 U.S.C. § 242 is a criminal statute providing no privately enforceable right that would entitle [the plaintiff] to habeas or other relief." (citations omitted)).

Similarly, 18 U.S.C. § 1203 does not allow for a private cause of action because it is a criminal statute that makes it a crime to "detain another person in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained."  See 18 U.S.C. § 1203.  There is no indication that

Congress intended for a private cause of action to be created by this criminal statute.  See Frison v. Zebro, 339 F.3d 994, 999 (8th Cir. 2003) (stating that the "touchstone for determining whether a statute confers a private right of action is congressional intent" and that "the plaintiff bears the burden to demonstrate that the statute at issue confers a federal right on the plaintiff" (citations omitted)).  Assuming that it does allow for a private cause of action, plaintiffs have not alleged any facts showing that plaintiffs were detained "in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release" of plaintiffs.  See 18 U.S.C. § 1203.  Rather, plaintiffs' filings reveal that they were arrested because of pending criminal charges.  Thus, count 15 is dismissed because it does not state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

### P.    Count 16

Count 16 of the amended complaint alleges that "Ronald and LaDonna Hollingsworth, Jack Von Wald, Lonald Gellhaus, Carlyle Richards, Mark McNeary, Lori Elhers [sic], Kimberly Dorsett, Tony Portra, Scott Myren, Bill Gerdes, Douglas Kenny, in all their individual and official capacities conspired to create thief [sic] by deception with the intent to promote the carrying on of specified unlawful activity by obtaining criminally derived property under color of official right.  SDCL § 22-30A-16 and U.S.C.A. Title 18 § 1951."  (Docket 50, at 8.)  A claim under 18 U.S.C. § 1951 is properly dismissed because the

statute does not allow for a private cause of action.[23] Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 409 (8th Cir. 1999) ("We hold, therefore, that the district court correctly dismissed the [plaintiffs'] claims based on a private right of action under 18 U.S.C. §§ 1341, 1343, and 1951.") And SDCL 22-30A-16 does not allow for plaintiffs' requested relief because it is a statute that authorizes an affirmative defense to a criminal charge of theft.[24] Thus, count 16 is dismissed for failing to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## III. Jurisdictional Issues

To the extent that plaintiffs are attempting to have this court review the merits of the issues as determined in the state court proceedings, "[a] federal court must give the same preclusive effect to a state court judgment that the judgment would be given in courts of the rendering state." Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999) (citing 28 U.S.C. § 1738). As the Eighth Circuit Court of Appeals noted, "lower federal courts lack jurisdiction to review state court judgments." Id. at 1034 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)); see also McCoy, 2009 WL 3713697, at *1 (noting that a

---

[23] 18 U.S.C. § 1951 makes it a crime to "obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce[.]"

[24] SDCL 22-30A-16 makes it "an affirmative defense to a prosecution for theft" when the defendant "[w]as unaware that the property taken was that of another" or when the defendant "[a]cted under an honest and reasonable claim of right to the property involved or that the defendant had a right to acquire or dispose of the property as he or she did."

"§ 1983 action complaining of injuries caused by [a] . . . state-court judgment, rendered before the [plaintiffs] filed their federal complaint, and inviting the federal district court to review and reject that judgment" is "precisely the type of case over which lower federal courts lack subject-matter jurisdiction" (citations omitted)).  Thus, if plaintiffs are seeking review of the state court judgments, this court cannot provide such a remedy because it is without jurisdiction.  See id.

With regard to any remaining state claims not expressly dismissed above over which the court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, the court exercises its discretion and dismisses those claims.  See 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline, in its discretion, from exercising supplemental jurisdiction when all of the claims over which the court has original jurisdiction have been dismissed).

This decision does not prevent plaintiffs from seeking other available forms of relief in state court.  As to the criminal proceedings, plaintiffs are free to seek relief on a petition for a writ of habeas corpus in state court or, after presenting their claims to the highest state court, in federal court.  The amended complaint, however, is dismissed in its entirety for failing to state a claim upon which relief may be granted.

**CONCLUSION**

For the reasons set out above, the amended complaint is dismissed as against all defendants.  This includes Ronald and LaDonna Hollingsworth, who

have not filed a motion to dismiss.[25]  See McCoy, 2009 WL 3713697, at *1 ("Though defendant Tina Brazil Jackson did not file a motion to dismiss, the district court was within its discretion to sua sponte dismiss claims against her." (citing Smith v. Boyd, 945 F.2d 1041, 1042-43 (8th Cir. 1991)).

Accordingly, it is hereby

ORDERED that plaintiffs' motions for reconsideration (Docket 96 and 98) are denied.

IT IS FURTHER ORDERED that the amended complaint (Docket 50) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion for confirmation of the status of their amended complaint (Docket 101) is denied as moot.

IT IS FURTHER ORDERED that the motion to dismiss of the circuit court judges, Jack Von Wald, Tony Portra, and Scott Myren (Docket 26) is granted without prejudice.

IT IS FURTHER ORDERED that the motion to dismiss of the prosecutors, Mark McNeary, Lori Ehlers, and Kimberly Dorsett (Docket 36) is granted without prejudice.

IT IS FURTHER ORDERED that the motions to dismiss of the private attorneys, Lonald Gellhaus (Docket 40), Carlyle Richards (Docket 51), and Bill Gerdes (Docket 65) are granted without prejudice.

IT IS FURTHER ORDERED that the motion to dismiss of policeman Douglas Kenny (Docket 81) is granted without prejudice.

_____

[25] Ronald Hollingsworth is deceased.

IT IS FURTHER ORDERED that all of plaintiffs' motions (Docket 13, 18, 19, 21, 22, 57, 58, and 87) are denied as moot.

Dated April 2, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
CHIEF JUDGE